# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Windsor Craft Sales, LLC, and Crosby Yacht
Yard Inc.,

        Plaintiffs,

   v.

VICEM Yat Sanayi ve Ticaret AS and Vicem
Yachts, Inc.,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-297 ADM/JJG

_____

Aimee D. Dayhoff, Esq., and Geoffrey P. Jarpe, Esq., Winthrop & Weinstine, PA, Minneapolis, MN, on behalf of Plaintiffs Windsor Craft Sales, LLC, and Crosby Yacht Yard Inc.

Kerry L. Bundy, Esq., Christopher J.L. Diedrich, Esq., Matthew B. Kilby, Esq., and Michael F. Cockson, Esq., Faegre & Benson LLP, Minneapolis, MN, and R. Thomas Farrar, Esq., and Umberto C. Bonavita, Esq., Robert Allen Law, Miami, FL, on behalf of Defendants VICEM Yat Sanayi ve Ticaret AS and Vicem Yachts, Inc.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiffs Windsor Craft Sales, LLC, and Crosby Yacht Yard Inc.'s ("Windsor") Objections [Docket No. 86] to Magistrate Judge Jeanne J. Graham's September 6, 2011 Order [Docket No. 81]. Judge Graham's Order granted Defendants VICEM Yat Sanayi ve Ticaret AS and Vicem Yachts, Inc.'s ("Vicem") Motion to Compel Inspections of Boats and to Extend Defendants' Deadline to File Expert Results [Docket No. 71] ("Vicem's Motion to Compel"). For the reasons stated below, Windsor's Objection is overruled and the Order is affirmed.

## II.  BACKGROUND

Vicem is engaged in the manufacture and sale of luxury yachts, Windsor Craft Sales, LLC, is a Minnesota distributor of luxury yachts, and Crosby Yacht Yard Inc. ("Crosby"), builds, restores, and repairs yachts.  See generally, Am. Compl. [Docket No. 29] 1-2.  In 2007, Vicem and Windsor Crafts Sales, LLC, entered into a Distribution Agreement giving Windsor exclusive purchase and distribution rights of Vicem yachts.  Windsor Craft Sales, LLC, and Crosby observed quality and workmanship problems with Vicem yachts and notified Vicem of the defects.

Windsor alleges breach of express and implied warranties by Vicem regarding yachts sold and distributed in the United States.  Windsor provided a written revocation of its acceptance of the allegedly defective yachts on January 6, 2010, but on January 13, 2010, Vicem refused to accept Windsor's revocation.  Id. 8.  On December 14, 2010, Judge Graham issued her Pretrial Scheduling Order [Docket No. 62].  Judge Graham's Pretrial Scheduling Order bifurcated fact and expert discovery, with the former to be completed by August 1, 2011, the latter by November 1, 2011.  Id. 2.

On the last day of fact discovery, Windsor served Vicem with its expert reports discussing the alleged specific construction defects of the thirty-two yachts.  Vicem timely identified its experts by August 15, 2011, and requested on August 22, 2011, that its experts be permitted to physically inspect the yachts during the expert discovery period.  See generally Vicem's Motion to Compel.  Judge Graham heard oral arguments on September 6, 2011, and orally granted Vicem's motion.  On September 15, 2011, Windsor timely filed its Objections to Judge Graham's ruling.

### III.  DISCUSSION

####    A.  Standard of Review

The standard of review for an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  See Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The Magistrate Judge's order on such an issue will be affirmed by the district court unless the decision is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "clearly erroneous" when, although some evidence supports it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1996) (citation omitted).  "A decision is 'contrary to law' when it misapplies or does not apply the relevant statutes, case law or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citation omitted).

####    B.  Judge Graham's Order Granting Vicem's Motion to Compel is Not Clearly Erroneous or Contrary to Law

Windsor argues that Judge Graham's decision is contrary to law, contending that Judge Graham's Order failed to apply the Federal Rules of Civil Procedure 34(a) and 16(b)(4), as well as the District of Minnesota Local Rules ("Local Rules") 26.3 and 16.3.  These arguments, however, are unavailing.

#####       1.  Judge Graham's Order is not Contrary to Fed. R. Civ. P. 34(a) or LR 26.3

Windsor argues that Judge Graham's Order was contrary to Federal Rule 34(a), in that it allowed further fact discovery after that phase of discovery had already concluded.  Objections [Docket No. 86] 3-5.  Windsor contends that allowing a request "to permit entry onto designated

land or other property . . . so that the requesting party may inspect, measure, photograph, test, or sample the property . . .," Fed. R. Civ. P. 34(a), after the fact discovery phase is finished shows a disregard for the federal rules.  Objections 4.  Windsor also claims that Judge Graham's Order runs afoul of the Local Rules, arguing that LR 26.3 "clearly distinguishes between fact discovery and expert discovery" and precludes experts from engaging in additional fact discovery.  Id. 5.

     Rule 34 of the Federal Rules of Civil Procedure governs discovery requests, but it does not specify whether requests must be made during a particular portion of bifurcated discovery.  Rule 34(a) simply states that production requests must fall "within the scope of Rule 26(b)," and Rule 26(b)(1) specifies that "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  A judge may, for good cause, permit discovery requests relevant to the disputed subject matter during either portion of bifurcated discovery.  Judge Graham explains that Vicem's request is reasonable because, "[T]he way that the Scheduling Order was set up implies that [Vicem] didn't have to do a report . . . . didn't even have to ID until after the fact discovery.  And, so, it would have been better to serve the Rule 34 during fact discovery, but the timing of it was going to be when [their] experts were identified."  Mot. Hr'g Tr. [Docket No. 83] 18:18-24.  Because Rule 34 does not specify when discovery requests must be made during bifurcated discovery, Judge Graham's Order is not contrary to the law.

     Furthermore, Judge Graham's Order does not contradict Local Rule 26.3.  LR 26.3(a) governs pretrial scheduling orders, requiring parties to "jointly propose a plan for the disclosure of the identity, and the disclosure or discovery of the substance of the testimony to be offered by such testifying experts."  Here, both parties engaged in the formation of the Pretrial Scheduling

Order, and Judge Graham's Order merely adds a three-day, three-site inspection of the yachts to Vicem's expert discovery phase. Nothing in Local Rule 26.3 indicates that allowing "disclosure or discovery of the substance" after the "disclosure of the identity" of an expert is impermissible.

### 2. Judge Graham's Order is not Contrary to Fed. R. Civ. P. 16(b)(4) or LR 16.3

Windsor alternatively argues that Judge Graham's Order to modify the pretrial schedule runs counter to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3. Windsor contends that Vicem failed to show good cause, defined as "diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). Windsor argues that Vicem failed to have their experts inspect the yachts before the fact discovery expired on August 1, and that they have failed to show good cause for missing this deadline.

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows a judge to modify a schedule "only for good cause and with the judge's consent." In determining "good cause" under Rule 16(b)(4), courts consider the movant's diligence. Bradford, 249 F.3d at 809 (defining "good cause" as acting with "diligence in attempting to meet the case management order's requirements."). A court will also look to whether the nonmoving party would be prejudiced by amending the scheduling order. See Med. Graphics Corp. v. Hartford Fire Ins. Co., 171 F.R.D. 254, 264 (D. Minn. 1997) ("[W]e do not believe that mindless subservience to the dictates of a Scheduling Order should overshadow our fundamental obligation to achieve a just, speedy, and inexpensive determination of the underlying civil claim, particularly in the absence of any prejudice to the complaining party."). Similarly, Local Rule 16.3 states that after the adoption of the pretrial schedule, it shall only be extended "upon written motion and for good

cause shown."

Judge Graham's ruling from the bench clearly explains that Vicem's experts' failure to inspect the yachts before the close of the fact discovery period was not due to a lack of diligence but was due to the pretrial schedule itself–namely, that the deadline for Vicem's selection of experts was two weeks after the expiration of the fact discovery period. See Mot. Hr'g Tr. [Docket No. 83] 18:18-24. Furthermore, Judge Graham's Order notes the movant's diligence and implies that Vicem has good cause, specifically stating that "everyone has been diligent in this case in . . . getting things to move forward." Id. 20:2-4. Lastly, the nonmoving party Windsor will not be unduly prejudiced by this amended scheduling order; Windsor will, at most, have to provide access to three sites for one day each. Therefore, Judge Graham's Order is not contrary to law and is affirmed.

## IV.  ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Windsor's Objection [Docket No. 86] is **OVERRULED**; and

2. Judge Graham's September 6, 2011 Order [Docket No. 81] is **AFIRMED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 3, 2011.